Mr. Verzosa filed a petition for a writ of error, quorum nobis, in the Western District of Washington based on a conviction he received in 2010 for unlawful possession of a firearm under G1. The district court issued a summary one-page denial with no explanation as to what the reason for the denial was. There are four elements for a quorum nobis petition. The government only contests two of those, which is timeliness and fundamental error. It is our position that Mr. Verzosa satisfies both elements. With respect to timeliness, the law does not specifically impose any specific statute of limitations regarding how much time after a claim accrues that the petition has to be filed. Counsel, in the habeas context, ignorance of the law is ordinarily not sufficient to delay filing. So the request that you're making in this case would would ask us or is asking us to create a different standard for quorum nobis petitions, correct? No, I don't think so, Your Honor. I don't, I'm not here arguing that ignorance of the law is an excuse. My argument is that context matters, facts matter. Well, your basic argument is that he didn't make the filing in 2019 or even in 2022 when his mother acted to to to make filings on his behalf in Washington State Court, but he didn't act after that because he didn't know that he could, right? That is essentially the argument. Okay, so that that's ignorance of the law as I as I understand it. There's no, I understand that, I understand, I understand where you're coming from, Your Honor. Our position is that there's no, the law does not impose a requirement for a defendant to continue researching the law into perpetuity, into reading Supreme Court opinions, into reading Ninth Circuit opinions, into consulting with an attorney on a semi-annual basis to continue figuring, trying to figure out if there's an object for relief. If we look at the context of all the other cases, there is always some sort of impetus or stimulus that the court looks to that puts the defendant on notice. In a lot of these cases, immigration consequences. That's why I'm saying context matters. Mr. Versoza is a U.S. citizen, no immigration consequences. He's been a union electrician since 2007, no employment consequences, no housing consequences. He's basically had no reason to continue trying to figure out if he can have this thing removed or vacated if he has, if he has legal relief. So I think in this particular context, again, I don't know, I didn't know, I didn't have reason to know, is a valid reason for the timeliness of this petition. I gather you could also, I mean, what struck me was that at his plea, in the federal case, that he was advised by the court and by, I guess, his counsel and by the U.S. attorney, who I think would probably stand up and state what the elements of the offense were. Everybody said, yeah, those are the elements of the offense. So why would you think that, what would have led him or what should have led him to think that that was incorrect? Is this a timeliness question, Your Honor, or a fundamental error question? Timeliness. So the question is, what would have led Mr. Versoza specifically to know what... After having received those advisements. Absolutely nothing. Assume for a moment that I'm with you on the timeliness question. What bothers me more than the timeliness question is this error is of a fundamental character. He's got two convictions under state law for a felon in possession. He's got a third conviction under federal law for a felon in possession. At the time he's convicted under state law, the state law is clear. He violates the state law and he does it twice. When he's violating the federal law, the law is clear and he violates federal law. He's now basically relying on, I'll call it something else, but why is this such a serious error that would be a most, the quote, most fundamental character when he is three times carrying a weapon when it is against the law as the law now stands? Well, Your Honor, I point the court to the 2022 decision of Wuerl, United States v. Wuerl, which is almost indistinguishable from this case other than not had to do a 2255 habeas petition and we but for functional purposes those are treated as the same. In Wuerl, almost exactly the same thing happened. In Wuerl, Wuerl got over the cause threshold because it would not have been, it would have been futile to object at the time given the uniformity of the law across all the circuits regarding the interpretation of the statute at that time. And he got through prejudice because he never actually served more than a year in jail. He was sentenced to more than a year in jail but never actually served more than a year in jail. Mr. Verzosa was never even sentenced to more than a year in jail. His maximum statutory sentence was of course five, but his actual standard range, or I'm sorry, his actual sentence never exceeded nine months. He would have done six months on nine with good time. So do we even need to go this far if we were to reach this issue, assuming we agree with you on the timing piece, and we were to reach this issue, isn't it enough to say that the district court abused its discretion in not holding a hearing because it's not conclusively established that there was no fundamental injustice? Yes, Your Honor, and that's why we're asking for reversal and for a remand for it to have an initial hearing, yes. I think Wuerl is basically dispositive of the fundamental error issue. Does that answer your question, Judge Fletcher? Thank you, yeah. So what, so let me just, could you just tick off for me the factors that you believe either taken individually or cumulatively over the period of time that we're involved with, which suggests that there's good reason for the delay? We're back to timeliness now. Yeah. The cumulative factors are that people are entitled to move on with their life. Again, I don't mean to beat a dead horse, but there's no case that says a person has to continue trying to stay abreast of legal developments. So this is an individual who, you know, he did have counsel that took care of his state convictions. What about that? He, so the record indicates from his declaration that he never actually met with any counsel. It was handled through the public defender's office. It was a state counsel. And I, technically they had to represent him, correct? They technically did have to represent him, Your Honor. I, again, he didn't have any contact with, with, with his public defender. It, based on my own experience in state court, the type of case that was handled, which is the, the vacature of a unconstitutional conviction, is all handled with boilerplate forms. But again, but I would go a step further to say that just because a, you know, a state public defender is handling a state case does not necessarily mean that we jump directly to there being federal relief because the vacature of the convictions themselves doesn't justify relief under Lewis. And we've dropped that claim on the appeal. Counsel, you say that there's no case that says people have to stay on top of the law. I agree with you, but do you have a case that says the other, otherwise, because my difficulty is that I can't find a case that says circumstances akin to those that you're presenting here before us today is sufficient to be able to show that your client was timely. In fact, the cases I think you cite, Kwan, Hirabayashi, you know, they're really quite different factually. And our case, and our court has said that it requires something that prevents the petitioner from discovering the information. So it's sort of inverse of what you're, you're arguing. Can you cite me to your best case for the argument that you're making that simply not having a requirement to continue to research the law is a basis to justify the untimely filing? I don't, I don't have a case. I wish, I wish I had a case to cite you that had already established that precedent, but. And Coyter, which is a Coyter that just, you know, as a recent decision of this court says that even getting incorrect information from your lawyer is not sufficient. Are you talking about Coyter, Your Honor? Yes. Yes, but, but incorrect information is different than no information. And so, but so I think, I think the thing is. Yeah, it's worse. I mean, I would say that in Coyter, we said reliance on incorrect advice of counsel alone is insufficient. You're right, Your Honor. Well, I'm trying to get, I apologize for misspeaking is that that was an individual where, that was a case where the individual consulted with an attorney, received either no advice or incorrect advice. Mr. Rose has never had a consultation with an attorney until myself in July, 2024, at which point I was told him that we could do this. And here we are. If I had told him, no, you don't have any case, you don't have a case for, you don't have a basis. And then three years later, he gets a different attorney and files that maybe that's a different case. But in this case, this is just an individual living his life. So with that, I'll, I'll, I'll reserve the last ten seconds. We'll put a little bit of time on your clock for rebuttal. Thank you. I appreciate that. Thank you. Good morning, Your Honors. May it please the court, Michael Morgan for the United States. The case as it's presented to this court is substantially narrower than it started out in the district court. In the district court, the petition primarily focused on a whole bunch of based on the Washington Supreme Court's Blake decision. I'm sorry. Can I just stop you for a second? Can you restate your name for the record? Because I don't think you're the attorney that's listed on our, on our day sheet. But I want to make sure. Michael Morgan. Morgan. Is that okay? All right. Thank you very much. I'm sorry. I'm a late entry into the proceedings. I see. Okay. That's my fault. And I'm so sorry. Okay. Sorry. As the case is now presented, we have a discreet claim that was sort of like it was, it was concededly in the petition, but was certainly not the main thrust of the petition. So a lot of the briefing in the district court and in this court have focused on claims that are, have dropped out of the case. So the case, the claim, the only claim that's left is a pure claim based on the failure at the 2010 plea colloquy to advise the defense. Okay. That claim ripened in June of 2019 when Rahif was decided. There's a three year period between June 19 and August, 2022, that the defendant has never attempted to justify a delay for any reason other than I didn't know about Rahif. During that period of time, did he have counsel? I assume no. But that is an immaterial fact. When he, when he pled guilty though, at, at, at, uh, on this charges in federal court, he was told. Oh, absolutely. You know, he, he was told that, that what the elements were and why, you know, you're in a federal court. Why wouldn't you just believe that? No one, no one. Unless, you know, what you're saying is that during that period of time, he should have gone out and consulted counsel about what's the state of the law today. Um, that's not quite my position. Uh, my position is that up until 2019, he was correctly advised, at least under what the law was at the time. So what you're saying is that there are really two timeframes that we, that, that needs to be justified for purposes of the timeliness analysis. It's from 2019 to 2022. And then again, from 2022 to the time that the petition was filed. Um, I believe that's, I don't think that's actually correct. I think the time he's tried to justify 2022 forward. I don't think he's adequately done that, but even assuming he had, he hasn't justified the three years prior and he's got to justify the full period of delay. And the government's not saying that he should have raised this claim in 2010. He couldn't have, that was not the law, but he could have raised it in as of June of 2019. And as Judge Desai pointed out in the habeas context, you know, we don't allow petitioners to come in and say, I didn't know about the law. That's a valid reason. That wouldn't be a valid reason for equitable tolling. It certainly wouldn't justify the statute of limitations that applies. There's no reason to carve out a different rule here. The law requires a certain amount of diligence on the part of petitioners if they want to come in and seek equitable relief. And essentially, this would be an exception that swallows the rule because any defendant could come in and say, and credibly, I would argue, my conviction was done. I had no reason to go and like read slip opinions and what have you, to see what's happening with the law. True enough. But as a legal matter, that's not an excuse. That's not the kind of excuse that justifies delay under this Court's quorum precedence. And I would direct the Court's attention to a case that's not cited in our briefs, but it's the Munoz decision. It's from 2022. It's in the habeas context, but it's talking about when is a claim available to a habeas claimant. And there, the claimant tried to say, well, listen, I'm a... ...to graft the habeas law onto the quorum nobis area. I mean, one of the differences really is that, you know, Congress has legislated in the area of habeas. They've been very clear about what is permissible and not, and they've narrowed it quite a bit. But that's not true for quorum nobis. No, quorum... It's a common law, Rhett, that nobody's bothered to codify. But the Court's decisions do treat them as functional equivalents. I think there's actually decisions from this Court saying that quorum is functionally habeas for petitioners who are out of custody. So if there's... You don't have to, like... I'm not here advocating that you have to impose a one-year statute of limitations akin to what you have in the 20 to 55 context. But what I am saying is, like, the Court's decisions on, like, equitable tolling, that the equitable reasons for why we might excuse a habeas petitioner for delay, those do fit quorum. Because, again, quorum's ultimately an equitable remedy. So if you couldn't qualify for equitable tolling claiming ignorance of the law, you shouldn't be able to qualify for delay in bringing your quorum petition, because it's essentially an equitable argument. If the Court doesn't know what the question is on the timeline, I want to turn to the fundamental character portion of the case. The standard the defendant has to meet is he has to show there's a reasonable probability that had he been correctly advised, he would have rejected the plea offer and gone to trial. That's the standard. Not once in the petition, in his declaration, has the defendant ever said, if I was properly advised, I would have rejected the plea offer. Not once. That's a pleading failure that alone justified denying the petition. On the facts, the defendant has to come forward with evidence contemporaneous with the plea. Not after the fact. Contemporaneous with the plea that would support that inference. Again, the defendant has proffered not a single fact that would allow the Court to say that you've raised an issue that warrants a hearing. That's why this case is unlike Wuerl. Wuerl actually had facts contemporaneous with the plea that would support a finding that the defendant wouldn't have pled guilty. Now, Wuerl just remanded for a hearing. It didn't say he was entitled to relief. But there was facts in the record that warranted a hearing. Here, there were none. And that's why the District Court did not abuse its discretion in denying this without a hearing. There was no factual dispute because the defendant never made the claim. The defendant's claim in his petition was that if I can show a Rahif error flat out, just that I wasn't advised of the elements, I get relief. That's legally incorrect. Had he even tried to do it at an earlier time before the Court decided Rahif? What would have happened? I mean, did Rahif change the law? Oh, Rahif definitely changed the law. So if he'd raised the claim before Rahif, he would have been, he would have lost on the claim. Well, that was also true in Wuerl. And the point in Wuerl and the cases where we find hearings are necessary is when you have a defendant who is willing to roll the dice because he's more concerned about some other consequence than the conviction. So the most common context is immigration, right? Like the Supreme Court's decision in Lee, where the ability to avoid deportation was everything to the defendant. So even though the case against him, he had no defense, if he had been advised properly, a rational person in his position would go to trial because he'll take that one in a hundred chance to avoid deportation. We don't have any evidence here that there was any reason why, if back in 2010, the defendant had been properly advised, that he would have said, you know what? Nah, I don't want the government's plea offer. I'm going to go to trial. There's nothing in the record, nothing. And absent some contemporaneous evidence from that time, there's simply no reason to have a hearing. The defendant has simply failed to carry his burden. So that's the reason why he can't satisfy the fourth prong because he just doesn't, there's no evidence in the record sufficient to support a finding that there's a reasonable probability he would have rejected the plea. Can we assume that the district court went through that analysis when it just denied the petition in one sentence? We presume that the district judges know the law and they're not required. I mean, would it have helped this court's decision to have a more fulsome opinion? Sure. Well, we got was a half a sentence. This is true, but district judges are allowed to summarily deny applications. And especially here, where the application was facially deficient. It was facially deficient. It was never an allegation that he would have rejected the plea, never. So this is a case where there's actually a good reason. Did you make this fundamental argument in your opposition to the petition? Not this particular one, no. Not in opposition to the petition. We actually, in fairness to the defense, in our opposition to the petition, we focused on the Blake claims because they were central. We missed the Rahif claim. There's just no two ways about that. But the district court denied the petition so there's no forfeiture because the district court ruled. And we assumed that it ruled on all the claims raised in the petition because we assume the judges know the law. So it was poorly briefed in the district court. There's no hiding from that fact. But the fact remains that it is still the petitioner's burden to satisfy all the elements of quorum. He hasn't, and therefore the district's order should be affirmed. Thank you, counsel. Put 90 minutes on the clock for your rebuttal. Or 90 seconds, not 90 minutes. We don't have that much time today, unfortunately. Thank you. Well, I wanted to touch on the habeas and the quorum nobis distinction, if any. Of course, there is a number of cases, both from the circuit and from the Supreme Court, that say that they're kind of functionally the same. But there is one big difference that is relevant to this case, which is how they go towards notice and our argument. In a habeas petition, a person has to be under confinement of some sort. That inherently puts them on notice that they are under confinement of this conviction, and they want to take some action, whether to get out of prison, to get off of supervision, or whatever. In a quorum, a lot of these cases take place years later. In this case, he was off of supervision in 2015. So your argument is that without any sort of other consequence, you're not in custody, you don't have employment consequences, you don't have immigration consequences. So in this sort of narrow set of circumstances where there is nothing else that would put you on notice or put your client on notice, this is a narrow circumstance in which we could depart from our typical higher standard for having knowledge of the law sufficient to file. I don't think we — generally, yes, Your Honor. I don't think we have to necessarily depart from the framework. I think we just have to say that in this specific context — What specific context are you talking about? The context of where an individual has no reason to be put on notice that they may have a claim. There is — that is — How would you define that? I mean, if you were writing the opinion of this court with respect to, I think, what you're trying to delineate, which is a narrow context, what would you say? I would say that the framework stands, but this is a valid reason. What is the valid reason? The lack of notice or any reason to be put on notice. So with that, Your Honor, I ask the court to reverse and remand. Thank you. Okay. Thank you. Thank you to both counsel for your helpful argument. This case will now be submitted.
judges: FLETCHER, PAEZ, DESAI